# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CELESTE MYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 13-1028-JWL |
| CAROLYN W. COLVIN,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability (SSD) benefits under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding error in the Commissioner's determination that Plaintiff must alternate between sitting and standing, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

**I.  Background**

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff applied for SSD benefits, alleging disability beginning December 31, 2006. (R. 10, 145-51). In due course, Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. She alleges the Administrative Law Judge (ALJ) erred in assessing the requirements of her need to alternate sitting and standing and in assessing the credibility of her allegations of symptoms. The Commissioner argues that the ALJ properly evaluated Plaintiff's credibility and properly assessed a sit/stand limitaiton.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the

determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one

through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ failed to explain whether the need to alternate sitting and standing can be accommodated by scheduled breaks and a lunch period, and did not make a finding regarding the length of the time needed to stand, all as required by Social Security Ruling (SSR) 96-9p. Because the court finds remand is necessary and because review of credibility findings is deferential, the court will not provide an advisory opinion on the ALJ's credibility determination. Plaintiff may make arguments regarding that issue, if desired, to the Commissioner on remand.

## II. Alternate Sitting and Standing

Plaintiff argues that the ALJ's alternate sit/stand limitation was arbitrary because there is no foundation for the limitation, because the ALJ did not provide a rationale for her findings or explain how she came to her conclusions, and because the frequency of sit/stand alternation is particularly vital regarding sedentary work in that most sedentary work does not allow a worker to alternate positions. The Commissioner argues that it is Plaintiff's burden to prove her limitations, and that although she suggests she is more limited than the ALJ determined, she points to no record evidence suggesting that she

4

needs to alternate more frequently than determined by the ALJ. The Commissioner argues that although Plaintiff disagrees with the ALJ's findings, she has shown no error in the decision. The court agrees with Plaintiff.

The Commissioner misses the point of Plaintiff's argument. Plaintiff does not argue that she needs to alternate sitting and standing at a different frequency than found by the ALJ, she argues that the ALJ did not apply the correct legal standard to determine frequency of alternation, did not provide a rationale or cite to record evidence supporting her findings, and implied that Plaintiff must stand for two-hour stretches while doing sedentary work. It is true that a plaintiff has the burden to prove her limitations. In this case, however, the ALJ found that Plaintiff has proven the need to alternate sitting and standing. Having made that finding, the ALJ may not merely choose a limitation-- "alternate between sitting and standing at least every 2 hours." (R. 13). She must base the limitation assessed on record evidence, and must express that limitation in a particular format. She has not done so in this case. That is error requiring remand.

As Plaintiff suggests, the Social Security Rulings provide the appropriate standard for assessing a need to alternate between sitting and standing. SSR 83-12 provides:

> In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The individual may be able to sit for a time, but must then get up and stand or walk for awhile before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work. (Persons who can adjust to any

5

need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a defined range of work.)

There are some jobs in the national economy--typically professional and managerial ones--in which a person can sit or stand with a degree of choice. If an individual had such a job and is still capable of performing it, or is capable of transferr[i]ng work skills to such jobs, he or she would not be found disabled. However, most jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task. Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a VS [(vocational specialist)] should be consulted to clarify the implications for the occupational base.

SSR 83-12, 1983 WL 31253, at *4.

In 1996, the Commissioner issued SSR 96-9p to explain RFC assessment in situations where a claimant is able to do less than the full range of sedentary work. 1996 WL 374185 (July 2, 1996). In that ruling, the Commissioner provided guidelines for evaluating the need to alternate sitting and standing when a claimant is limited to performance of sedentary work:

> **Alternate sitting and standing:** An individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically. Where this need cannot be accommodated by scheduled breaks and a lunch period, the occupational base for a full range of unskilled sedentary work will be eroded. The extent of the erosion will depend on the facts in the case record, such as the frequency of the need to alternate sitting and standing and the <u>length of time needed to stand</u>. The <u>RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing</u>. It may be especially useful in these situations to consult a vocational resource in order to determine whether the individual is able to make an adjustment to other work.

1996 WL 374185, at *7 (emphases added). Considering SSR 96-9p, and because the ALJ in this case specified a need to "alternate between sitting and standing at least every two hours" (R. 13), it appears that Plaintiff's need to stand after sitting for no more than two hours cannot be accommodated merely by scheduled breaks and a lunch period. Therefore, Plaintiff will be required to perform some portion of her sedentary work from a standing position. Moreover, because the ALJ found the need to alternate "at least every two hours," Plaintiff must be able to perform her sedentary work from a standing position for up to two hours at each alternation.

Because sedentary work typically involves mostly sitting, 20 C.F.R. §§ 404.1567(a), 416.967(a), SSR 96-9p notes that "the length of time needed to stand" will determine the extent of the erosion of the unskilled sedentary occupational base. However, the ALJ did not specify the length of time Plaintiff must stand after sitting for up to two hours. If Plaintiff must stand only fifteen minutes or less at each alternation, her need to alternate sitting and standing could be accommodated by scheduled breaks and a lunch period. But, the ALJ did not make such a finding. In fact, by finding that Plaintiff must alternate in no more than two hour increments, the ALJ implied that Plaintiff must perform her job while standing for up to two hours at a time. If that is true, the Plaintiff must find sedentary, unskilled work that permits her to work while standing for up to two hours at a time, approximately four times a day. Yet, the testimony of the vocational expert and the ALJ's limitation to standing/walking for 2 hours in a workday does not seem to provide for such extensive standing while doing sedentary, work.

7

The first hypothetical presented to the vocational expert provided for work at the light exertional level and the "need to alternate between sitting and standing at least every two hours." (R. 43). When asked if such a person would be able to perform Plaintiff's past relevant work, the vocational expert responded, "Her past work is at, at sedentary physical demand level. <u>So I'm not sure that that position would allow for alternating every two hours</u>." <u>Id.</u> (emphasis added). The clear implication of this testimony is that sedentary work mostly does not allow for alternating standing every two hours.

For his second hypothetical, the ALJ asked the vocational expert "to assume the same in hypothetical one except that the individual's limited to occasional lifting 10 pounds and <u>stand or walk for up to two hours</u>, can sit for up to six hours and <u>still have the alternate sit/stand</u>." (R. 44) (emphases added). The vocational expert responded by providing three representative jobs in the economy which such a person could perform. <u>Id.</u> Although the second hypothetical stated that such an individual would still have the alternate sit/stand requirement (presumably alternating at least every two hours), it also stated that such an individual could stand or walk only for up to two hours total in a day. Thus, it is not clear that the alternate sit/stand requirement in hypothetical two is identical to that presented in hypothetical one, because hypothetical two clearly cannot require equal alternation between standing and sitting.

Because the RFC assessed implies that Plaintiff must alternate sitting and standing equally throughout a day while stating that Plaintiff can only stand/walk for two hours in a day and because the ALJ did not specify the length of time he found that Plaintiff must

8

stand at each alternation, the requirements of SSR 96-9p have not been met.  Therefore, the vocational expert necessarily made some assumptions regarding the time the hypothetical individual must stand at a time when she alternates from sitting up to two hours.  Yet, the vocational expert did not specify what those assumptions are, and neither the ALJ nor this court know the specific standing requirements the representative jobs will allow.  Therefore, the decision leaves ambiguities regarding what time Plaintiff must work from a standing position after having worked from a sitting position for up to two hours, and whether the representative jobs suggested by the vocational expert will permit working from a standing position at that frequency and for that duration.  Remand is necessary to clarify these ambiguities.

**IT IS THEREFORE ORDERED** that the decision of the Commissioner shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING this case for further proceedings consistent herewith.

Dated this 22nd  day of April 2014, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**